UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ROBERT SKINNER,                                             :
                                                            :
                            Petitioner,                     :
                                                            :   05 Civ. 3675 (GEL)
            -v-                                             :
                                                            :   **OPINION AND ORDER**
CHRISTOPHER ARTUS,                                          :
Warden of the Clinton Correctional Facility,                :
                                                            :
                            Respondent.                     :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

    Robert Skinner, a New York State prisoner, brings this petition for habeas corpus, challenging his conviction in Supreme Court, New York County, for murder, and resulting sentence of imprisonment for 25 years to life. The petition will be denied.

    Skinner was convicted by a jury of killing Lawrence Price, a childhood friend, in return for a $2500 payment from a man to whom Price owed money. Eyewitnesses testified that Skinner and two other men came to Skinner's aunt's apartment looking for Price, who lived upstairs. Price eventually arrived at the apartment, at which point the three men argued with him, pushed him against a wall, and displayed a firearm. After a struggle over the gun, Skinner and one of the men pushed Price into another room; a shot was heard; and Price was later found dead of a gunshot wound. In addition to this eyewitness testimony, Skinner, who moved upstate shortly after the murder, confessed to a Syracuse detective that he and two accomplices cornered Price, whereupon Skinner shot him and one of the accomplices stole a chain from around Price's neck.

After unsuccessfully moving to suppress the confession, Skinner testified at trial that the confession was false, having been extracted from him through physical and psychological abuse. This claim was undermined on cross-examination, when the prosecutor elicited that at a prior trial in Utica, New York, for another murder to which Skinner had confessed during the same interrogation session, he did not allege any such abuse, and instead claimed that the confession was fabricated by the officers. The jury convicted Skinner of separate counts of intentional murder and felony murder.

Skinner's conviction was affirmed on appeal, People v. Skinner, 715 N.Y.S.2d 412 (1st Dep't 2000), and leave to appeal to the Court of Appeals was denied. The history of his subsequent post-conviction applications in state and federal court, which includes two prior petitions to this Court for habeas corpus that were withdrawn in favor of further state maneuvers, need not be detailed in its entirety. It suffices to say that Skinner's post-conviction arguments have focused on various claims of ineffective assistance on the part of his appellate attorney.

In the present petition, which is finally fully briefed and ripe for decision, Skinner argues that his counsel's performance on appeal was ineffective. The petition appears to rely on the same arguments he made in his various state coram nobis applications, in which he argued that his appellate lawyer was inadequate for failing to argue (1) that the evidence was insufficient to support his felony murder conviction; (2) that the trial court had erred by permitting the prosecutor to cross-examine him about his prior convictions for robbery and murder; (3) that the trial court had improperly permitted a detective to testify in rebuttal concerning portions of Skinner's statement regarding the criminal activities of Price and of one of the accomplices to the murder; and (4) that Skinner's right to be present at all trial proceedings had been violated by

his absence from two sidebar conferences. None of these claims has merit.

The first three of Skinner's arguments were presented to the Appellate Division in the first of his three coram nobis applications. Since the Appellate Division's denial of this application was on the merits – albeit without opinion (see App. Ex. L) – habeas corpus may only be granted if the state court's decision constituted an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000); see Dallio v. Spitzer, 343 F.3d 553, 560 (2d Cir. 2003) (adjudication by state court is on the merits despite failure specifically to mention particular argument or articulate reasons for decision); Aparicio v. Artuz, 269 F.3d 78, 92-94 (2d Cir. 2001) (denial of claims without opinion but without indicating that denial was on procedural grounds is adjudication on the merits).

The relevant Supreme Court precedents are Strickland v. Washington, 466 U.S. 668 (1984), and Jones v. Barnes, 463 U.S. 745 (1983). To prevail on a claim of ineffective assistance under Strickland, a petitioner must show both that his attorney's performance "fell below an objective standard of reasonableness," 466 U.S. at 688, and that this inadequate performance prejudiced him, that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. This standard applies to the performance of appellate as well as trial counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000). Appellate counsel, however, is not required to raise all colorable claims, but is entitled to decide, in the exercise of professional judgment, to concentrate on a few key issues and to "winnow[ ] out weaker arguments" that may detract from the merit of stronger claims. Barnes, 463 U.S. at 750-52. Thus, to prevail on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate that counsel "omitted significant and obvious

3

issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Skinner's appellate attorney submitted a lengthy and professionally-argued brief setting forth a reasonable argument that the trial court had erred by permitting Skinner to be cross-examined about his prior testimony at the Utica trial. Given the overwhelming evidence of guilt, including the potent incriminating effect of Skinner's confession, any claim of prejudicial error faced an uphill battle. Counsel's choice of issue was shrewd, in that counsel focused on arguing that the admission of evidence relating to Skinner's possible involvement in another murder could have prejudiced the jury's assessment of Skinner's credibility with respect to his denial of the truthfulness of his confession. That the argument was ultimately unsuccessful reflects the weakness of Skinner's case rather than any lack of effectiveness on the part of counsel.

The arguments Skinner now claims his attorney should have made could reasonably have been rejected by a thoughtful appellate advocate. With respect to the first of Skinner's proposed arguments, the evidence was clearly sufficient to support a verdict of felony murder. Skinner's confession acknowledged that one of his confederates stole jewelry from Price during the course of the murder (Tr. 467), and a witness to the killing heard the victim urging the killers to "take the money, take the jewelry" (Tr. 48), further confirming that, whatever other motives Skinner may have had, a robbery was in progress when Price was killed. The evidence was thus amply sufficient to permit a reasonable jury to find that Price was killed "in the course of and in furtherance of" a robbery, N.Y. Penal Law § 125.25.3, and thus that Skinner was guilty of felony murder. Appellate counsel cannot be faulted for failing to raise a totally meritless argument that, even if successful, would have undermined only one of the state's alternative theories of murder

4

and left Skinner facing the same sentence.

Skinner's second proposed argument, an attack on the trial court's ruling regarding impeachment evidence, would have fared no better. Under New York law, a defendant who testifies at trial may be cross-examined about prior criminal acts that bear logically on his credibility, unless the defendant demonstrates that the prejudicial effect of the impeachment would so far outweigh the probative value as to credibility to warrant its exclusion. People v. Sandoval, 34 N.Y.2d 371, 376 (1974). This decision is entrusted to the discretion of the trial court, and will not be reversed absent abuse of discretion. People v. Mackey, 49 N.Y.2d 274, 281-82 (1980). The trial court here reasonably concluded that Skinner could be asked about the fact, but not the details, of his prior felony convictions for murder, gun possession, robbery, attempted robbery, and promoting prison contraband. This limited ruling was plainly not an abuse of discretion, and a reasonable appellate attorney could easily have concluded that an attack on the ruling was extremely unlikely to succeed.

To the extent that Skinner argues that the actual impeachment at trial went beyond this ruling, and that appellate counsel should have raised that as a claim of error, this argument too is without merit. The trial court's Sandoval ruling addressed only the question of the admissibility of evidence of prior convictions to impeach the defendant's credibility as a witness. Cf. Fed. R. Evid. 609 (impeachment by evidence of conviction of crime). The eventual cross-examination of Skinner, which did elicit evidence of prior convictions for impeachment purposes, also implicated a different issue. Once Skinner testified that he had falsely confessed due to coercive physical and psychological abuse, the prosecutor was permitted to cross-examine him concerning the prior inconsistent testimony he had given at the Utica trial, where he testified that

the purported confession had been fabricated by the police, not (as at the New York trial) that he had made the statements under duress and that they were false. Cf. Fed. R. Evid. 613 (prior statements by witnesses). Such cross-examination is permissible under New York law. People v. Bornholdt, 33 N.Y.2d 75, 88 (1973). The trial judge recognized that Skinner's testimony opened the door to cross-examination under a different theory than that which had been addressed in his Sandoval ruling. (Tr. 721-23.) In any event, Skinner's appellate counsel *did* argue that the prosecution's impeachment use of the portions of the confession related to the Utica case had been improper, id. 48-49, and the Appellate Division rejected that argument. 715 N.Y.S.2d at 413.

The third of Skinner's proposed arguments is similarly meritless. In denying the truthfulness of his confession, Skinner attempted to frame his relationship with Price as a friendship and his relationship with his accomplice in the murder, a man known as Gotti, as a mere association. To rebut Skinner's testimony on this issue, the People called a New York City detective, who testified that Skinner had informed the police about criminal activities by Price and Gotti in order to get them arrested. Whether this testimony concerned a collateral matter or was admissible on rebuttal under New York law to contradict "some affirmative fact" that the defendant "endeavored to prove" was a decision entrusted to the discretion of the trial court. People v. Harris, 57 N.Y.2d 335, 345 (1982), quoting Marshall v. Davies, 78 N.Y. 414, 420 (1879). An experienced appellate lawyer would very likely have concluded that an attack on this ruling was unlikely to succeed given the deference afforded the trial court, and that in any event, any error in this regard would likely be found harmless, since testimony about the misdeeds of the victim and of an alleged accomplice would be unlikely to have prejudiced Skinner.

6

Thus, the first three appellate issues that Skinner contends his attorney should have raised appear to be without merit. A reasonable appellate attorney could have concluded that they were less likely to succeed than the arguments that were made on Skinner's behalf, and it certainly was not an unreasonable application of Strickland and Jones v. Barnes for the Appellate Division to conclude that the failure to raise them did not constitute ineffective assistance of counsel.

Skinner's fourth proposed appellate argument arrives in a different procedural posture. Unlike the first three, it was not raised in his first coram nobis application, and therefore was not rejected by the Appellate Division on the merits along with the other three claims. Instead, it was only raised in his third coram nobis application, which was denied on the procedural ground that the application was merely an improper attempt to reargue the merits of his first application. (App. Div. Order, Oct. 5, 2004, App. Ex. T.) Since the issue was not decided on the merits, the deferential standard of 28 U.S.C. § 2254(d) does not apply; on the other hand, respondent points out that Skinner's failure to raise the argument in his first coram nobis petition should be regarded as a procedural default.

The intricacies of habeas procedural law need not detain us, however, for Skinner's proposed argument is totally lacking in merit. With respect to both of the challenged sidebars, the record reveals that after defense counsel sought a sidebar conference, the trial judge in fact dismissed the jury before hearing further argument. (Tr. 546, 753.) It would make little sense for a judge, having dismissed the jury, to continue to hear argument at sidebar; once the jury was out of the room, it would be far more convenient to hear argument in open court – where, of course, the defendant would have been present. Since the defendant has the burden of establishing that he was absent from proceedings, People v. Maher, 89 N.Y.2d 318, 325 (1996),

7

an appellate challenge to these sidebars might well have failed to establish the basic factual premise of the argument. Certainly a reasonable appellate lawyer could have so concluded from an examination of the trial transcript.

In any event, even if the conferences were held at sidebar, Skinner's rights would not have been violated. The conferences in question concerned pure issues of law, the first dealing with whether a lawyer should be appointed for a witness for whom the court had issued a material witness order at defendant's request (Tr. 546-53), and the second with the propriety of the prosecutor's cross-examination concerning the Utica portions of the confession and the possible consequences of Skinner's assertion of a Fifth Amendment privilege in response to such questioning (Tr. 753-57). A defendant has no constitutional right to participate in such sidebar conferences concerning matters of law. United States v. Gagnon, 470 U.S. 522, 526 (1985); Snyder v. Massachusetts, 291 U.S. 97, 106-09 (1934); People v. Rodriguez, 85 N.Y.2d 586, 591 (1995). The failure to raise such a claim was thus not a failure of performance by Skinner's appellate attorney.

Accordingly, because all of Skinner's claims of ineffective assistance on the part of his appellate counsel are without merit, his petition for a writ of habeas corpus is denied. As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED.

Dated:     New York, New York
           February 23, 2006

                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge